UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | No. 07 CR 843-6 |
| v. | ) | |
| | ) | Hon. Judge Joan H. Lefkow |
| SENECCA WILLIAMS, | ) | Hon. Magistrate Judge Sidney Schenkier |
| Defendant. | ) | |

## MOTION FOR NOTICE OF INTENT TO USE EXPERT WITNESS TESTIMONY AND FOR A *DAUBERT* HEARING ON ANY SUCH OPINIONS

Now comes the Defendant, SENECCA WILLIAMS, by and through his attorney, Ralph J. Schindler, Jr., and does move this Honorable Court for the entry of an order requiring the government to give notice of its intention to introduce testimony under Rules 702, 703, and 705 of the Federal Rules of Evidence.    In support of such Motion, Defendant does state the following:

1.  Pursuant to Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure, the government must disclose, at a defendant's request, a written summary of any testimony it intends to use under Fed. R. Evid. 702, 703, and 705 during its case in chief.

2.  The aforementioned summary must describe at a minimum, the witnesses' opinions, the basis for the opinion and reasons for the opinions, along with the witness's qualifications to render such an opinion.

3.  To the extent the government produces such experts and related opinions, a request is respectfully made that the court conduct a *Daubert* Hearing as to such opinions and the qualifications of such expert to render such opinions.  It is expected that a critical issue at the

trial of this case is whether certain slang terms relate to drug identifications or quantities or money terms. It is expected that government agents will state their professional opinions as to the interpretation of such terms based upon their expertise and prior experience.

4. Expert testimony is governed by Rule 702 of the Federal Rules of Evidence. The Rule has been modified to reflect the Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The Rule provides that expert testimony is admissible if offered by "a witness qualified as an expert by knowledge, skill, experience, training, or education," and "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

5. As to the second prong of the test, the Rule requires that the opinion expressed by the expert be the product of reliable principles and methods. Thus in *Daubert*, *supra,* at 593-594, the following factors were laid out: "whether a theory or technique . . . can be (and has been) tested"; (2) "whether the theory or technique has been subjected to peer review and publication"; (3) "the known and potential rate of error"; (4) "the existence and maintenance of standards controlling the technique's operation" and (5) whether the technique or method has met with general acceptance.

6. The third prong of Rule 702 requires that the expert witness apply his methodology to the facts of the case with accuracy. A reviewing court will reverse the trial court's application of this rule only where it is apparent that the court has abused its discretion in this regard. *U.S. v. Conn*, 297 F.3d 548 (7th Cir. 2002).

7. The court's "gatekeeping" responsibility was reaffirmed in *Kumho Tire Company, Ltd*

*v. Carmichael*, 526 U.S. 137, 147 (1999). This responsibility applies not only to "scientific" expert testimony but also to other forms of specialized knowledge. Using the *Daubert* factors, the district court is free to fashion an approach more precisely tailored to an evaluation of the particular evidentiary submission before it, and such opinion should not be overturned absent an abuse of discretion. *U.S. v. Conn,* 297 F.3d 548 (7th Cir. 2002)

WHEREFORE, Defendant prays for the entry of an order requiring the government to give notice of its intention to introduce testimony under Rules 702, 703, and 705 of the Federal Rules of Evidence and to provide Defendant with a written summary of any such testimony, along with the curriculum vitae of its author, and to conduct a *Daubert* Hearing relative to such expert qualifications and opinions in advance of trial of this matter.

Respectfully Submitted,

/s/ Ralph J. Schindler, Jr.

Ralph J. Schindler, Jr.
Attorney for SENECCA WILLIAMS

Law Offices of Ralph J. Schindler, Jr.
53 West Jackson Boulevard, Suite 818
Chicago, IL 60604
(312) 554-1040
Atty. No.: 2484471